IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KAREEM GARRETT, | ) | |
|---|---|---|
| | ) | Civil Action No. 3:14-cv-00031 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Kim R. Gibson |
| | ) | |
| WEXFORD HEALTH, et al, | ) | United States Magistrate Judge |
| Defendants. | ) | Cynthia Reed Eddy |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the motions to dismiss filed by Defendant Khatri (ECF No. 183) and the Medical Defendants[1] (ECF No. 185), both of which have been converted into a Motion for Summary Judgment on the issue of exhaustion, be granted.  The Clerk of Court should be directed to terminate these Defendants from this action.

By separate Text Order filed this day, Plaintiff's motion in opposition to Defendants' motion for summary judgment (ECF No. 198) is converted to an Opposition Brief.

It is respectfully recommended that the motion to dismiss and/or motion for more definite statement filed by the DOC Defendants[2] (ECF No. 181) be granted in part and denied in part and that Plaintiff be allowed an opportunity to file an amended complaint.

---

[1]   The Medical Defendants which have been served are Dr. Muhammad Naji, Deborah Cutshall, Casey Thornley, P.A., and Patrick Joseph Nagel, P.A.

[2]   The DOC Defendants which have been served are Debra J. Younkin, Janet Pearson, Steven Glunt, Nurse Lori, Nurse Debbie, Nurse Rodger, Nurse John,  Nurse Hanna, Superintendent K. Cameron, Deputy Superintendent David Close, Deputy Superintendent (Security) K. Hollinbaugh, Doretta Chencharisk, Joel  Barrows, James Morris, Peggy Bauchman, Tracey Hamer, Captain Brumbaugh, Captain Miller, Lt. Shea, Lt. Horton, Lt. Lewis, Lt. Glass, L.S. Kerns-Barr, F. Nunez, Jack Walmer, M.J. Barber, Mr. Shetler, Ms. Cogan, Mr. Little,  Sgt. James, Sgt. Young, Medical Officer London, Medical Officer Owens, and Officer Uncles.

1

## II. REPORT

### A. *Relevant and Material Facts*

Plaintiff, Kareem Garrett, commenced this action on February 2, 2014, while he was a prisoner in the custody of the Pennsylvania Department of Corrections.[3] The operative complaint is the Third Amended Complaint ("TAC"), ECF No. 180, which incorrectly is entitled Second Amended Complaint.[4]

Garrett was transferred from SCI-Graterford to SCI-Houtzdale on January 9, 2014. (TAC, at ¶ 16). Within days of arriving at SCI-Houtzdale, Garrett began filing grievances about Dr. Naji's decisions to discontinue authorization for his use of a wheelchair and walker, and discontinued his pain medications, muscle relaxers, and "psych" medications. Although the TAC contains other vague allegations, the focus of the TAC appears to be a denial of adequate health care. Plaintiff brings his claims under 42 U.S.C. § 1983. (TAC, at ¶ I, 01).

The DOC Defendants filed a motion to dismiss and/or motion for more definite statement. Defendant Dr. Khatri and the Medical Defendants each filed a motion to dismiss, arguing that the TAC should be dismissed as Plaintiff failed to exhaust his administrative remedies and, in the alternative, that the TAC fails to state a claim. Because Defendant Khatri and the Medical Defendants presented material outside of the TAC, the Court converted their motions to dismiss into motions for summary judgment on the issue of exhaustion only and allowed the parties time to submit additional briefing and evidence. The issues now have been

---

[3] Plaintiff was released on parole after the filing of this lawsuit. (ECF No. 152).

[4] Plaintiff filed an Amended Complaint on March 14, 2014 (ECF No. 10). On June 3, 2014, Plaintiff filed a Second Amended Complaint (ECF No. 24). In response to Defendants' motions to dismiss, Plaintiff filed a Third Amended Complaint (ECF No. 180) on February 5, 2016.

fully briefed and the factual record has been thoroughly developed. (ECF Nos. 182, 184, 186, 188, 191, 192, 193, 194, 195, 196, 198, 199, 201, and 202.) The matter is ripe for disposition.

    B.    *Motions for Summary Judgment filed by Defendant Khatri and the Medical Defendants*

The Prison Litigation Reform Act of 1995 ("PLRA") provides at 42 U.S.C. § 1997e(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Grievance procedures in inmate handbooks are administrative remedies that must be exhausted under the PLRA prior to suit. *Concepcion v. Morton*, 306 F.3d 1347, 1348-49 (3d Cir. 2002).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. *Id.* Therefore, it must be pleaded and proven by the defendants. *Brown v. Croak,* 312 F.3d 109, 111 (3d Cir. 2002). Where the inmate has exhausted his or her administrative remedies as to some claims in a complaint but not others, the district court must consider the claims that were exhausted while dismissing the claims that are unexhausted. *Jones v. Bock*, 549 U.S. 199, 218-44 (2007).

3

Plaintiff and Defendant Khatri and the Medical Defendants[5] dispute whether Garrett was required to exhaust his administrative remedies under the PLRA because, although he filed his original complaint while a prisoner at SCI-Houtzdale, he filed the TAC while he was no longer a "prisoner" as that word is defined by the PLRA. Helen Shambaugh, a Grievance Review Officer with the Secretary's Office of Inmate Grievances & Appeals ("SOIGA") provided a sworn Declaration indicating that as of September 26, 2014, Plaintiff had submitted twenty-one (21) grievances to SOIGA for final review and that <u>all</u> Final Decisions issued on Garrett's grievances occurred after February 2, 2014, the day he filed this action. (ECF No. 188). The earliest of Plaintiff's appealed grievances did not receive a final decision from SOIGA until April 17, 2014 – two months after the filing of this lawsuit. Further, a number of Plaintiff's claims in this lawsuit do not appear in any of his exhausted grievances.

Plaintiff does not argue to the contrary, but rather argues that he need not have exhausted any administrative process because his TAC was filed after he was released from custody. He is mistaken. Plaintiff's status as a "prisoner" is determined at the time his complaint is "brought" or filed in court. Put another way, a plaintiff's status as a prisoner for purposes of the PLRA is judged as of the time he files his original complaint. The exhaustion requirement will continue to apply, even after a prisoner has been released, when the former prisoner amends a complaint filed while he was in prison. As the United States Court of Appeals for the Third Circuit stated in *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002), "[a]lthough Ahmed would have been free of the strictures of the PLRA if he had filed a timely complaint after his release from prison,

---

[5] The DOC defendants have not raised failure to exhaust as a basis for their motion to dismiss. Because failure to exhaust is an affirmative defense, this Court may not *sua sponte* assert such a defense on behalf of the DOC defendants.

4

he is bound by the PLRA because his suit was filed on July 29, 1988, almost three years before he was released from prison."

Plaintiff was required and failed to exhaust his administrative remedies in accordance with the PLRA. Accordingly, the motions for summary judgment filed by Defendant Khatri and the Medical Defendants should be granted.

    2.    *The Motion to Dismiss and/ or Motion for More Definite Statement filed by the DOC Defendants*

        a.    <u>Standard of Review - Motion to Dismiss</u>

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald

assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

      b.      <u>Standard of Review - Motion for More Definite Statement</u>

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). Rule 12(e) is part of the "district court's case-management arsenal," *Twombly*, 550 U.S. at 593 n. 13, that, in conjunction with the rest of Rule 12 and Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading." *Sony BMG Music Entm't v. Cloud*, No. 08–1200, 2008 WL 3895895, at *2 (E.D.Pa. Aug. 22, 2008). Generally speaking, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed.R.Civ.P. 8(a)." *Transport Int'l Pool, Inc. v. Ross Stores, Inc.,* No. 06–1812, 2009 WL 1033601, at *2 (E.D.Pa. Apr.15, 2009); *see also Country Classics at Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC,* 780 F.Supp.2d 367, 371 (E.D.Pa. 2011) ("[M]otions for a more definite statement are 'highly disfavored.' "). Courts will grant a Rule 12(e) motion only "if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *Country Classics,* 780 F.Supp.3d at 371 (internal quotations omitted).

c. <u>Discussion</u>

The DOC Defendants have filed a motion to dismiss and/or motion for more definite statement. In their brief in support thereof, the DOC Defendants argue that the TAC fails to comply with Rule 8[6] and the minimum requirements of *Twombly*. The DOC Defendants additionally argue that

> Plaintiff has sued almost every staff member he came in contact with at SCI-Houtzdale (probably 1/5 of that facility's employment), lumping them together in bald, conclusory, rambling allegations that rarely offer any specifics, let alone dates. At this point, it would be virtually impossible for defendants to file an answer to this document. At the same time, this type of pleading renders it virtually impossible to file a motion to dismiss (which could result in a strike) given the unintelligible nature of the allegations.

Br. at 6 (ECF No. 182). Alternatively, Defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) which would allow Plaintiff "one final chance to offer a 'short and plain statement' of his claims in compliance with Rule 8, or face dismissal with prejudice." *Id.*

The TAC is thirty-six typewritten pages containing over 90 paragraphs, yet there is virtually no detail as to who did what and the dates of when the violations allegedly occurred. Throughout the TAC, Plaintiff makes general and conclusory claims against the DOC Defendants with no support or specifics, i.e., "deplorable living conditions," denial of "basic human necessities," deprivation of food, retaliation, harassment, complaints pertaining to his medical treatment, or lack thereof. In Paragraph 79, Plaintiff states that he has established a claim for relief under Title II of the Americans With Disabilities Act; although he also explicitly states that this lawsuit has been brought only under 42 U.S.C. § 1983. Further, there are

---

[6] Rule 8 Federal Rules of Civil Procedure requires, *inter alia,* "a short and plain statement of the claim."

numerous paragraphs devoted to injunctive relief, all which are now moot as Plaintiff is no longer incarcerated.

To complicate matters even further, the TAC references over 60 DOC Defendants (TAC, ¶¶ 03, 28), yet only 37 DOC Defendants have been served as Plaintiff has not provided service forms for these additional individuals. Additionally, the TAC contains references to Plaintiff's prior complaints and asserts "complaints supplemental to" his original complaint.

The Court agrees with the DOC defendants that given the vague and ambiguous allegations of the TAC, the DOC Defendants cannot reasonably be required to properly respond to Plaintiff's allegations. Therefore, the Court recommends that the DOC Defendants' motion for more definite statement be granted and that Plaintiff be given one final opportunity to amend his complaint. Plaintiff should be ordered to file a single operative complaint consisting of a short and plain statement of his claims as required by Rule 8. The amended complaint must include all defendants and all causes of action and must set forth clearly identified causes of action that both identify Plaintiff's legal theories and facts suggestive of the proscribed conduct alleged in one stand-alone document without reference to any other document filed in this case The amended complaint must also state the dates on which the conduct of each defendant allegedly took place. See Fed. R. Civ. P. 8.

Plaintiff is cautioned that the opportunity to file an amended complaint is not an invitation to enlarge the lawsuit by filing new allegations not related to the allegations in the original complaint or by adding defendants not related to the allegations in the original complaint. Inclusion of new allegations and claims unrelated to those set forth in the original complaint will be considered a failure to comply with an Order of Court and will result in the dismissal of the amended complaint.

Plaintiff should also be reminded that all claims pertaining to the denial of medical care and related medical services have been dismissed for failure to exhaust. Further, Plaintiff is cautioned that his claims against the DOC Defendants may be subject to dismissal for failure to exhaust if he failed to exhaust those claims prior to bringing this lawsuit.

### III. Conclusion

For the reasons stated above, it is respectfully recommended that the Motion to Dismiss filed by Defendant Dr. Khatri and the Medical Defendants (ECF Nos. 183 and 185), which have been converted into Motions for Summary Judgment on the exhaustion issue, be granted on the ground that Plaintiff did not properly exhaust his administrative remedies pursuant to the PLRA with respect to these defendants. It is also recommended that the DOC Defendants' Motion for More Definite Statement be granted and Plaintiff be allowed one final opportunity to amend his claims against the DOC Defendants.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: July 14, 2016

cc: KAREEM GARRETT
14 E. Albemarle Ave. 1st Floor
Lansdowne, PA 19050
(via U.S. First Class Mail)

Mallorie McCue
Samuel H. Foreman
Weber Gallagher Simpson Stapleton Fires & Newby
(via ECF electronic notification)

Sean D. Callaghan
Marshall Dennehey Warner Coleman & Goggin
(via ECF electronic notification)

Mary Lynch Friedline
Yana L. Warshafsky
(via ECF electronic notification)

Cassidy L. Neal
Mats Baum O'Connor P.C.
(via ECF electronic notification)